■ JEAN WILLIAMS et al., Appellants, v CITY PLANNING COMMISSION OF THE CITY OF ROCHESTER et al., Respondents.—Judgment affirmed without costs. All concur, except Boomer, J., who dissents and votes to reverse and grant the petition, in the following memorandum.

Boomer, J. (dissenting). The City Planning Commission had no authority to grant respondent a special exception permit to convert his one-family dwelling, situated in an R-1 single-family residential district, into two single-family semidetached dwelling units. Although section 115-45 (F) (1) of the City of Rochester Zoning Ordinance authorizes the Commission to grant a special exception permit for a semidetached dwelling in an R-1 district, section 115-91 (C) (1) of the Ordinance provides that "notwithstanding any other provisions of this chapter", no building in any district shall be "altered or converted in any manner to increase the number of dwelling units contained therein * * *. *No dwelling unit conversion shall be permitted in the R-1 Single-Family Residential District"* (emphasis added).

Thus, the Ordinance specifically prohibits the conversion of a building in an R-1 district to increase the number of dwelling units contained in the building. Although the Commission has the power to authorize new construction of a semidetached dwelling, the Ordinance recognizes the distinction

between new construction of multiple dwellings and conversion of existing buildings to increase the number of dwelling units contained therein. Section 115-91 (A) (1) provides: *"Conversion of existing buildings to increase the number of dwelling units contained in them presents problems not encountered when new buildings are designed and constructed for the same number of units.* Such conversions can adversely affect the safety and comfort of persons who occupy such converted buildings and can adversely affect a neighborhood originally designed for low density development through overcrowding and its concomitant problems of inadequate recreational space, inadequate parking and overtaxed municipal services. These in turn may contribute to the physical decline and deterioration of the area. The intent of this section is to establish standards to prevent the overcrowding of dwelling units and overly dense development of neighborhoods, and to ensure satisfactory amenities in neighborhoods as conversions take place" (emphasis added). (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—art 78.) Present —Callahan, J. P., Denman, Boomer and Balio, JJ.